*POLICE JURY* vs. *REEVES.*

APPEAL from the court of the fifth district.

PORTER J. delivered the opinion of the court. In this case, the persons under whom the defendant claims, made *sous seing prive,* a proposition to the parish of La Fayette that if the commissioners of the parish "should come to the decision of fixing the court-house some where near the Vermillion Bridge, upon the land of the donors, they would each make a donation of two superficial arpents of land." The commissioners accepted the offer, and the donation was made by public act, on the conditions stated in the instrument under private signature. The erection of the public buildings was commenced by placing a jail on the property given.

By an act of the legislature passed subsequent to this contract, the right of fixing the seat of justice was vested in the inhabitants of the parish, to be decided by the majority of votes. Their decision was that it should be removed from the place fixed on by the commissioners.

If land be given, on condition that the public buildings of the parish be erected thereon, it reverts to the donor, on the seat of justice of the parish being moved to another spot. But the police jury may remove the buildings they erected thereon.

WesternDis't
*Sept*, 1827,

POLICE JURY
*vs.*
RHEVES.

The petition sets out the plaintiffs' case at great length ; states that their title to the property is complete, by the act of donation ; avers that the defendant has taken forcible and illegal possession of the premises ; prays that they may be quieted in their title, and that if their title be not good, that they may be at liberty to remove the jail.

The answer of the defendant sets up various objections to the plaintiffs' right of recovery, asserts a title to the property claimed, and states, that the donation being made on the condition that the seat of justice should be fixed on the land of the donors, the removal to another place rendered the donation void and of no effect.

The judge who heard the cause was of opinion and so decreed, " that the plaintiffs should be quieted in their title and possession, of the lot of ground claimed by them and the edifices erected thereon—that the defendant be enjoined from interfering in the full enjoyment of the same or the removal of the public prison, and that the defendant pay costs ; without prejudice, however, to any claim of the defendant to recover back the lot according to the conditions of the donation, if the police-jury should remove the prison from the same."

We are of opinion this decree is erroneous.
The case is one of the utmost simplicity.

The donation being made on the condition that the court-house should be placed on the land given, the removal of the seat of justice to another place, dissolved the contract, and gave a right to the donors, or their assignee, to take back the property given. *C. Code*, **274**, *art.* **83.**

But the buildings being placed there in good faith, the parish had a right, either to have the materials, or the price, as the defendant may choose. *C. Code*, **104**, *art.* **12.**

The decree, reserving to the defendant, the right to annul the contract by suit, in case the jury should remove the jail, is founded on two errors, one of fact, and one of law.

*Of fact*, in supposing the placing of the jail there was the condition of the gift, whereas, by the terms of the contract, it was the *court-house* that was to be fixed on the land given. If the words of the donation had even been *public buildings*, we should have come to the same conclusion, for it is not to be supposed that any man in his senses would make a donation for the purpose of having a jail placed at his door, though he might well be presumed willing to

give a part of his land that the rest might increase in value, by having the seat of justice fixed at it, and the town erected thereon, which would necessarily grow arou d the place where all the inhabitants of the parish were so often compelled to assemble.

*Of Law*, in deciding, that in case the plaintiffs should put in execution the decree rendered in their favor, the defendant should have a right of action against them.  Such circuity of proceeding is unknown to our jurisprudence. If the execution of the judgment conferred a right of action, it furnished the best possible reason why it should not have been rendered. It is true our code declares that the dissolving condition which is always understood in synallagmatic agreements in case of either party failing to comply with his engagement, does not dissolve the contract of right—that the dissolution must be sued for at law.  But where, from the situation of the parties before the court, the plaintiff seeks to do something contrary to his agreement, the defendant may well offer that agreement as a defence; though, if the former had done it without the aid of the law, the latter might have been obliged to sue for a dissolution of the contract.  It is doing a vain thing

for a tribunal to give a decree, which, by its very language, is to be the foundation of another suit. It is sowing the seeds of litigation instead of cutting it down.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that the donations to the plaintiffs of the property mentioned in the petition, be annulled and avoided, and that the defendant be quieted in his title and possession to the same; and it is further ordered and decreed, that unless the defendant, within sixty days from the rendition of this decree, pay to the plaintiffs the value of the materials of the buildings erected by them on his land, that they have liberty to enter thereon and remove the same. It is further ordered, adjudged and decreed, that the defendant pay costs in the court of the first instance, and the plaintiffs those of appeal.

*Simon* and *Bowen* for the plaintiffs, *Brownson* and *Davis* for the defendant.